UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MIRIAM LOVEMAN, derivatively and on behalf of MERRILL LYNCH & CO., INC., | Civil Action No. **07 CIV 9888** VERIFIED SHAREHOLDER'S DERIVATIVE COMPLAINT |
| Plaintiff, |  |
| vs. |  |
| E. STANLEY O'NEAL, AHMASS L. FAKAHANY, GREGORY J. FLEMING, JEFFREY N. EDWARDS, CAROL T. CHRIST, ARMANDO D. CODINA, VIRGIS W. COLBERT, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, | DEMAND FOR JURY TRIAL |
| Defendants, |  |
| – and – |  |
| MERRILL LYNCH & CO., INC., |  |
| Nominal Defendant. |  |



Plaintiff, Miriam Loveman, derivatively on behalf of Merrill Lynch & Co., Inc. ("Merrill Lynch" or the "Company"), upon her personal knowledge, as to the allegations pertaining to her, and belief as to all other allegations, based upon, amongst other things, the investigations made by her attorneys, alleges the following:

## INTRODUCTION

*Merrill Lynch is a case study in "corporate misgovernance."*

- 1 -

> - James Post, Boston University School of Management professor and an expert on corporate governance and business ethics

1. On October 24, 2007, Merrill Lynch officially became Wall Street's biggest loser in the subprime debacle.

2. Specifically, for the past several years, under the leadership of Merrill Lynch's former chief executive, Stanley O'Neal, Merrill Lynch was the lead underwriter of billions of dollars of Collateralized Debt Offerings ("CDOs") secured by risky, under-collateralized subprime mortgages. As the subprime market began to collapse over the past several years, most investment banks reduced their exposure to CDOs. But not Merrill Lynch. O'Neal caused Merrill Lynch to charge forward and become the world's leading underwriter of these risky investments.

3. O'Neal did not act alone. Merrill Lynch's directors turned a blind eye to O'Neal's imprudent strategy and completely abdicated their role of ensuring that Merrill Lynch had adequately managed its risk exposure. Even worse, some of the defendants named in this lawsuit intentionally caused Merrill Lynch to issue financial statements that concealed the dangers Merrill Lynch faced as a result of its huge exposure to CDOs.

4. The house of cards finally fell down on October 24, 2007 when O'Neal was forced to announce that Merrill Lynch would write down more than $8 billion in the value of its CDOs and other investments and would suffer a $2.2-billion loss in the third quarter of fiscal year 2007 alone. This loss is the largest quarterly loss in the 93-year history of the Company and even more write offs and losses are expected for the fourth quarter of 2007.

5. How did Merrill Lynch's board punish O'Neal for this staggering loss? They ignored unanimous demand from Wall Street and Merrill Lynch's shareholders to fire O'Neal and instead allowed O'Neal to retire giving him an exorbitant severance package valued at more than $160 million.

6. As explained below, the defendants named in this lawsuit breached their fiduciary obligations to exercise a high degree of due care, loyalty and diligence in the management and administration of the affairs of the Company, as well as in the use and preservation of its property and assets. Because a majority of Merrill Lynch's directors will not authorize a lawsuit against themselves, Plaintiff brings this action on behalf of Merrill Lynch to, among other things, recover the damages caused by the defendants' malfeasance.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over all claims asserted herein under 28 U.S.C. § 1332, as complete diversity exists between plaintiff and each defendant and the amount in controversy exceeds the jurisdictional minimum of this Court.

8. Venue is proper in this Court because Merrill Lynch has its principal place of business in this District; Plaintiff's claims arose in this District; and Merrill Lynch has suffered and will continue to suffer harm in this District and is a citizen of New York.

## THE PARTIES

9. Plaintiff Miriam Loveman is, and was at the time of the transaction of which Plaintiff complains, an owner and holder of Merrill Lynch common stock. Plaintiff, who is a citizen of Baltimore, City, Maryland, currently owns 2,000 shares of Merrill Lynch stock.

10.  Nominal Defendant Merrill Lynch is a corporation organized and existing under the laws of the State of Delaware with its headquarters located at 4 World Financial Center, 250 Vesey Street, New York, NY 10080. Merrill Lynch is a citizen of both New York and Delaware.

11.  Until his "retirement," Defendant E. Stanley O'Neal ("O'Neal") was a member of Merrill Lynch's board of directors since December 2001, the Chairman of the Board since 2003, and the Chief Executive Officer since 2002. Until recently, he was also the President and Chief Operating Officer since 2001. Upon information and belief, O'Neal is a citizen of New York.

12.  Defendant Ahmass L. Fakahany ("Fakahany") is, and at all relevant times was, President and Chief Operating Officer ("COO") of Merrill Lynch. Upon information and belief, Fakahany is a citizen of New York.

13.  Defendant Gregory J. Fleming ("Fleming") is, and at all relevant times was, President and COO of Merrill Lynch. Upon information and belief, Fleming is a citizen of New York.

14.  Defendant Jeffrey N. Edwards ("Edwards") is, and at all relevant times was, Senior Vice President and Chief Financial Officer ("CFO") of Merrill Lynch. Upon information and belief, Edwards is a citizen of New York.

15.  Defendants O'Neal, Fakahany, Fleming and Edwards are sometimes collectively referred to in this Complaint as the "Officer Defendants." Because of their positions with the Company, the Officer Defendants possessed the power and authority to control the contents of Merrill Lynch's quarterly reports, press releases and presentations to

securities analysts, money and portfolio managers and institutional investors, i.e., the market. They were provided with copies of the Company's reports and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected. Because of their positions with the Company, and their access to material non-public information available to them but not to the public, the Officer Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public and that the positive representations being made were then materially false and misleading. The Officer Defendants are liable for the false statements pleaded below.

16. Defendant Carol T. Christ ("Christ") has been a member of Merrill Lynch's board of directors since 2007. Upon information and belief, Christ is a citizen of Massachusetts.

17. Defendant Armando M. Codina ("Codina") has been a member of Merrill Lynch's board of directors since 2005. Upon information and belief, Codina is a citizen of Florida.

18. Defendant Virgis W. Colbert ("Colbert") has been a member of Merrill Lynch's board of directors since 2006. Upon information and belief, Cobert is a citizen of Wisconsin.

19. Defendant Alberto Cribiore ("Cribiore") has been a member of Merrill Lynch's board of directors since 2003. Upon information and belief, Cribiore is a citizen of New York.

20. Defendant John D. Finnegan ("Finnegan") has been a member of Merrill Lynch's board of directors since 2004. Upon information and belief, Finnegan is a citizen of New Jersey.

21. Defendant Judith Mayhew Jonas ("Jonas") has been a member of Merrill Lynch's board of directors since 2006. Upon information and belief, Jonas is a citizen of the United Kingdom.

22. Defendant Joseph W. Prueher ("Prueher") has been a member of Merrill Lynch's board of directors since 2001. Upon information and belief, Prueher is a citizen of Virginia.

23. Defendant, Ann N. Reese ("Reese") has been a member of Merrill Lynch's board of directors since 2004. Upon information and belief, Reese is a citizen of New York.

24. Defendant, Charles O. Rossotti ("Rossotti") has been a member of Merrill Lynch's board of Directors since 2004. Upon information and belief, Rossotti is a citizen of Washington D.C.

25. Defendants Christ, Codina, Colbert, Cribiore, Finnegan, Jonas, Prueher, Reese and Rossotti are sometimes collectively referred to in this Complaint as the "Director Defendants." By reason of their positions as directors of the Company and because of their ability to control the business and corporate affairs of the Company, the Director Defendants owed the Company and its shareholders the fiduciary obligations to exercise a high degree of due care, loyalty and diligence in the management and administration of the affairs of the Company, as well as in the use and preservation of its property and assets. The Director Defendants were and are required to act in furtherance of the best interests of the Company

and its shareholders so as to benefit all shareholders equally and not in furtherance of their personal interest or benefit. As a result of these duties, the Director Defendants are obligated to use their best efforts to act in the interests of the Company and shareholders to ensure that no waste of corporate assets occurs. The Director Defendants, because of their positions of control and authority as directors and/or officers of the Company, were able to and did, directly and/or indirectly, exercise control over the wrongful acts complained of herein.

## FACTUAL BACKGROUND

### Background of Merrill Lynch

26.     Merrill Lynch is one of the world's leading wealth management, capital markets and advisory companies, with offices in 38 countries and territories and total client assets of approximately $1.8 trillion. Merrill Lynch offers a broad range of services to private clients, small businesses, and institutions and corporations.

27.     As an investment bank, Merrill Lynch is a leading global trader and underwriter of securities and derivatives across a broad range of asset classes and serves as a strategic advisor to corporations, governments, institutions and individuals worldwide.

### O'Neal Takes the Helm at Merrill Lynch

28.     In 1986, Merrill Lynch hired Defendant O'Neal as a banker in its junk bond department. Over the years, O'Neal rose through the ranks and became President and Chief Operating Officer in July 2001.

29.     In December 2001, O'Neal joined Merrill Lynch's board of directors. A year later -- following the burst of the "tech bubble" – he was named Chief Executive Officer of the Company. In order to reverse Merrill Lynch's tumbling profits, O'Neal was given a