**Given Their Close Ties to O'Neal, a Majority of the Board Would Not Vote to Approve This Lawsuit**

59.    With exception of Defendants Peters and Prueher, every person who was on Merrill Lynch's board when O'Neal was named chief executive has since retired.  O'Neal has hand picked their successors.  As such, Defendants Christ, Codina, Colbert, Cribiore, Finnegan, Jonas, Reese and Rossotti are so beholden to O'Neal that they would not pursue an action against him.

60.    In addition, O'Neal has close personal ties with many of the Director Defendants such that they would not vote to pursue an action against him.  For example, *Forbes.com* reports that Defendant Finnegan and O'Neal are long time friends.  Likewise, press reports have described Defendant Cribiore as close to O'Neal, and the *New York Times* has reported that in the late 1990s, Cribiore came close to recruiting O'Neal away from Merrill, to work at Brera Capital.

## COUNT I
### (Breach of Fiduciary Duties of Care, Loyalty and Good Faith)

61.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

62.    As alleged in detail herein, O'Neal, and each of the Director Defendants, had a duty to Merrill Lynch and its shareholders to, amongst other things, ensure that the Company was operated in a diligent, honest and prudent manner.

63.    Plaintiff asserts this claim derivatively on behalf of Merrill Lynch against O'Neal and all of the Director Defendants.

64.     O'Neal and the Director Defendants have breached their fiduciary duties of care, loyalty and good faith owed to Merrill Lynch and its stockholders by allowing the Company to assume over $32 million in risky CDOs, $7.8 billion of which has already had to be written down, with more write downs anticipated in the near future.

65.     Further, each of the Director Defendants, as well as the Officer Defendants had actual or constructive knowledge that they had caused the Company to improperly misrepresent the financial results of the Company and failed to correct the Company's publicly reported financial results and guidance.  These actions could not have been a good faith exercise of prudent business judgment to protect and promote the Company's corporate interests.

66.     By reason of the foregoing, Merrill Lynch has sustained and will continue to sustain serious damage and irreparable injury, for which relief is sought herein.

67.     Plaintiff and Merrill Lynch have no adequate remedy of law.

## COUNT II
### (Corporate Waste)

68.     Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

69.     Plaintiff alleges this cause of action on behalf of Merrill Lynch against O'Neal and the Director Defendants.

70.     O'Neal and each of the Director Defendants owes and owed to Merrill Lynch the obligation to protect Merrill Lynch's assets from loss or waste.

71.     O'Neal and the Director Defendants' failure to adequately evaluate and monitor Merrill Lynch's risk in the CDO market constituted a waste of Merrill Lynch's corporate assets and was grossly unfair to Merrill Lynch.  No person of ordinary, sound business judgment could conclude that O'Neal and the Director Defendants' decision to become so overextended in the risky CDO market was a sound exercise of business judgment.

72.     Further, the Director Defendants committed corporate waste by authorizing and approving O'Neal's exorbitant severance package.  There was no consideration for O'Neal's $160 million severance given that O'Neal was subject to termination for cause.

73.     By reason of the foregoing, Merrill Lynch has sustained and will continue to sustain serious damage and irreparable injury, for which relief is sought herein.

74.     Plaintiff and Merrill Lynch have no adequate remedy at law for the wasteful and wrongful conduct engaged in by the Director Defendants.

75.     Plaintiff and Merrill Lynch are therefore entitled to judgment against the Director Defendants as specified below.

## COUNT III
### (Against All Defendants for Abuse of Control)

76.     Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

77.     Defendant O'Neil's and the Director Defendants' misconduct alleged herein constituted an abuse of their ability to control and influence Merrill Lynch, for which they are legally responsible.

- 24 -

78.     As a direct and proximate result of these defendants' abuse of control, Merrill Lynch has sustained significant damages.

79.     As a result of the misconduct alleged herein, these Defendants are liable to the Company.

## COUNT IV
### (Against All Defendants for Gross Mismanagement)

80.     Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

81.     By their allegations alleged herein, Defendant O'Neal and the Director Defendants, either directly or through aiding and abetting, abandoned and abdicated their responsibilities and fiduciary duties with regard to prudently managing the assets and business of Merrill Lynch in a manner consistent with the operations of a publicly held corporation.

82.     As a direct and proximate result of these defendants' gross mismanagement and breaches of duty alleged herein, Merrill Lynch has sustained significant damages in excess of $8 billion dollars.

83.     As a result of the misconduct and breaches of duty alleged herein, these defendants are liable to the Company.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment in its favor and in favor of Merrill Lynch against all of the Defendants as follows:

A.      Against all the defendants and in favor of the Company for the amount of damages sustained by the Company as a result of the defendants' breaches of fiduciary duties, abuse of control, gross mismanagement, and waste of corporate assets;

B.      Directing the Company to take all necessary actions to reform and improve its corporate governance and internal procedures to protect Merrill Lynch and its shareholders from a repeat of the damaging events described in this Complaint, including but not limited to, adopting the following remedial measures:

a.      strengthening the board's supervision and oversight responsibilities and developing a system to ensure the board accurately manages the Company's risk potential;

b.      prohibiting and individual from concurrently serving as the Chief Executive Officer and the Chairman of the Board;

c.      allowing the Company's shareholders to nominate at least one candidate for election to the board; and

d.      a policy of ensuring the accuracy of the qualifications of Merrill Lynch's directors, executives and other employees;

C.      Awarding to plaintiff the costs and disbursements of the action, including reasonable attorneys' fees, accountants' and experts fees, costs and expenses; and

D.      Granting such other and further relief as the Court deems just and proper.


**JURY DEMAND**


Plaintiff demands a trial by jury.

- 26 -

Dated:  November 8, 2007

Respectfully submitted,

**BROWER PIVEN**
  A Professional Corporation

By: _____
David A.P. Brower (DB-4923)
Elizabeth A. Schmid (ES-1294)
488 Madison Avenue
Eighth Floor
New York, New York 10022
Telephone: (212) 501-9000
Facsimile: (212) 501-0300

Counsel for Plaintiff Loveman

## VERIFICATION

I, Miriam Loveman, verify:

I am the Plaintiff in the above-entitled action; I hereby verify that I was a shareholder of Merrill Lynch at the times the misconduct complained of in the Verified Derivative Complaint for Breach of Fiduciary Duties ("Complaint") occurred. Additionally, I have reviewed the allegations made in the Complaint, and to those allegations of which I have personal knowledge I believe those allegations to be true. As to those allegations of which I do not have personal knowledge, I rely on my counsel and their investigation and believe them to be true. Having received a copy of this Complaint, having reviewed it with my counsel, I hereby authorize its filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of November 2007 at Baltimore, Maryland.

Miriam Loveman

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

MIRIAM LOVEMAN, Derivatively          :   Civil Action No.   **07 CIV 9888**
and on behalf of MERRILL LYNCH &      :
CO., INC.,                            :   RULE 7.1 STATEMENT
                         Plaintiff,   :
        vs.                           :
                                      :
E. STANLEY O'NEAL, AHMASS L.          :
FAKAHANY, GREGORY J. FLEMING,         :
JEFFREY N. EDWARDS, CAROL T.          :
CHRIST, ARMANDO D. CODINA,            :
VIRGIS W. COLBERT, ALBERTO            :
CRIBIORE, JOHN D. FINNEGAN,           :
JUDITH MAYHEW JONAS, JOSEPH W. :
PRUEHER, ANN N. REESE, CHARLES        :
O. ROSSOTTI,                          :
                         Defendants,  :
        – and –                       :
                                      :
MERRILL LYNCH & CO., INC.,            :
                                      :
                Nominal Defendant.    :
_____



    Pursuant to Federal Rule of Civil Procedure 7.1 (formerly Local General Rule 1.9)
and to enable District Judges and Magistrate Judges of the Court to evaluate possible
disqualification or recusal, the undersigned counsel for Plaintiff Miriam Loveman,
Derivatively and on Behalf of Merrill Lynch & Co., Inc. (a private non-governmental party)
certifies that the following are corporate parents, affiliates and/or subsidiaries of said party,
which are publicly held:

    No corporate parent
    No publicly held affiliates or subsidiaries


Dated:  November 8, 2007

                                        _____
                                        David A.P. Brower (DB-4923)