USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-12-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIFE ENRICHMENT FOUNDATION, individually and on behalf of all others similarly situated,

                Plaintiff,

v.

MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, AHMASS L. FAKAHANY, GREGORY J. FLEMING, and JEFFREY N. EDWARDS,

                Defendants.

07cv9633 (LBS)(AJP)(DFE)

---

[Additional Captions on Following Page]

[~~PROPOSED~~] ORDER REGARDING: (1) CONSOLIDATION OF SECURITIES ACTIONS, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; (2) CONSOLIDATION OF DERIVATIVE ACTIONS AND APPOINTMENT OF PLAINTIFFS' EXECUTIVE COMMITTEE AND LIAISON COUNSEL; (3) CONSOLIDATION OF ERISA ACTIONS AND APPOINTMENT OF INTERIM CO-LEAD COUNSEL; AND (4) SCHEDULING OF THE FILING OF CONSOLIDATED AMENDED COMPLAINTS IN EACH OF THE ACTIONS AND RESPONSES THERETO

| | |
|---|---|
| PATRICIA ARTHUR, Derivatively on Behalf of MERRILL LYNCH & CO., INC., | 07cv9696 (LBS)(AJP)(DFE) |
| Plaintiff, | |
| v. | |
| E. STANLEY O'NEAL, AHMASS L. FAKAHANY, GREGORY J. FLEMING, JEFFREY N. EDWARDS, CAROL T. CHRIST, ARMANDO D. CODINA, VIRGIS W. COLBERT, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, | |
| Defendants(s). | |
| -and- | |
| MERRILL LYNCH & CO., INC., | |
| Nominal Defendant(s). | |
| ELIZABETH ESTEY, Individually and On Behalf of All Others Similarly Situated, | 07cv10268 (LBS)(AJP)(DFE) |
| Plaintiff, | |
| v. | |
| MERRILL LYNCH & CO., INC., MERRILL LYNCH & CO., INC. PLAN "INVESTMENT COMMITTEE," MERRILL LYNCH & CO., INC. PLAN ADMINISTRATIVE COMMITTEE, MERRILL LYNCH & CO., INC. MANAGEMENT DEVELOPMENT AND COMPENSATION COMMITTEE, LOUIS DIMARIA, E. STANLEY O'NEAL, ALBERTO CRIBIORE, ARMANDO M. CODINA, VIRGIS W. COLBERT, JOHN D. FINNEGAN, AULANA L. PETERS and JOHN DOES 1-10, | |
| Defendants. | |

WHEREAS, the following captioned putative securities class actions (the "Securities Actions") are or were pending in this Court against defendant Merrill Lynch & Co., Inc. ("Merrill Lynch"), *et al.*, alleging purported violations of the federal securities laws:

i) *Life Enrichment Foundation v. Merrill Lynch & Co., Inc., et al.*, 07cv9633 (LBS) (the "*Life Enrichment* Action");

ii) *Michael J. Savena v. Merrill Lynch & Co., Inc., et al.*, 07cv9837 (LBS) (the "*Savena* Action")[1];

iii) *Gary Kosseff v. Merrill Lynch & Co., Inc., et al.*, 07cv10984 (LBS) (the "*Kosseff* Action")[2];

iv) *Robert R. Garber v. Merrill Lynch & Co., Inc., et al.*, 07cv11080 (LBS); and

v) *James Conn v. Merrill Lynch & Co., Inc., et al.*, 07cv11626 (LBS); and

WHEREAS, the following captioned shareholder derivative actions (the "Derivative Actions") are pending before this Court against certain current and/or former directors and/or officers of Merrill Lynch purportedly alleging, among other causes of action, breaches of fiduciary duties:

i) *Patricia Arthur v. E. Stanley O'Neal, et al.*, 07cv9696 (LBS);

ii) *Miriam Loveman v. E. Stanley O'Neal, et al.*, 07cv9888 (LBS); and

iii) *Operative Plasterers & Cement Masons Local 262 Pension and Annuity Funds v. E. Stanley O'Neal, et al.*, 07cv11085 (LBS); and

---

[1] On January 9, 2008, plaintiff in the *Savena* Action filed with the Court a Notice of Voluntary Dismissal Without Prejudice (Doc. No. 4), which was so ordered by the Court on February 5, 2008. (Doc. No. 13.)

[2] Plaintiff in the Kosseff Action filed an Amended Class Action Complaint on February 26, 2008 (the "Kosseff Amended Complaint"). The Kosseff Amended Complaint was not filed by the court appointed Lead Plaintiff in the Securities Actions, does not constitute the Consolidated Amended Complaint referred to in paragraph 22 below that is to be filed in the Securities Actions and will be superseded by the Consolidated Amended Complaint scheduled to be filed by Lead Plaintiff in the Securities Actions by April 21, 2008. Accordingly, the Kosseff Amended Complaint will not be the operative pleading and no defendant named in the Kosseff Amended Complaint shall be required to answer, move or otherwise respond to any pleading in that action.

WHEREAS, the following captioned actions (the "ERISA Actions") are pending in this Court against defendant Merrill Lynch, *et al.* purportedly alleging violations of the Employee Retirement Income Security Act ("ERISA"):

i) *Elizabeth Estey v. Merrill Lynch & Co., Inc., et al.*, 07cv10268 (LBS);

ii) *Mary Gidaro v. Merrill Lynch & Co., Inc., et al.*, 07cv10273 (LBS);

iii) *Tara Moore v. Merrill Lynch & Co., Inc., et al.*, 07cv10398 (LBS);

iv) *Gregory Yashgur v. Merrill Lynch & Co., Inc., et al.*, 07cv10569 (LBS);

v) *Christine Donlon v. Merrill Lynch & Co., Inc., et al.*, 07cv10661 (LBS);

vi) *Carl Esposito v. Merrill Lynch & Co., Inc., et al.*, 07cv10687 (LBS);

vii) *Sean Saughnessey v. Merrill Lynch & Co., Inc., et al.*, 07cv10710 (LBS);

viii) *Barbara Boland v. Merrill Lynch & Co., Inc., et al.*, 07cv11054 (LBS);

ix) *Francis Lee Summers, III v. Merrill Lynch & Co., Inc., et al.*, 07cv11615 (LBS);

x) *James Eastman v. Merrill Lynch & Co., Inc., et al.*, 08cv0058 (LBS); and

xi) *Dominick J. Pascullo v. Merrill Lynch & Co., Inc., et al.*, 08cv1116 (LBS); and

WHEREAS, on February 21, 2008, the Court held a hearing and, for the reasons set forth on the record at the hearing, the Court determined the motions for consolidation and appointment of lead plaintiff and lead counsel in the Securities Actions; the motions for consolidation and appointment of a plaintiffs' executive committee and liaison counsel in the Derivative Actions; and the motions for consolidation and appointment of interim counsel in the ERISA Actions.

NOW THEREFORE IT IS HEREBY ORDERED THAT:

**SECURITIES ACTIONS**

1. Pursuant to Fed. R. Civ. P. 42(a) and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"),15 U.S.C. § 78u-4(a)(3)(B)(ii), the Securities

Actions are consolidated into the docket number 07cv9633 (LBS)(AJP)(DFE) for all purposes including, but not limited to, discovery, pretrial proceedings and trial (the "Securities Action").

2.  Pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), Ohio STRS is appointed Lead Plaintiff in the Securities Action for the proposed class of persons and entities who purchased or otherwise acquired Merrill Lynch securities.

3.  Ohio STRS' choice of co-lead counsel is approved. Accordingly, the law firms of Kaplan Fox & Kilsheimer LLP, Berger & Montague, P.C. and Barrack Rodos & Bacine are appointed co-Lead Counsel for the Securities Action.

## DERIVATIVE ACTIONS

4.  Pursuant to Fed. R. Civ. P. 42(a), the Derivative Actions are consolidated into the docket number 07cv9696 (LBS)(AJP)(DFE) for all purposes including, but not limited to, discovery, pretrial proceedings and trial (the "Derivative Action").

5.  The Court appoints Brower Piven, A Professional Corporation ("Brower Piven"), Johnson Bottini LLP and Saxena White LLP as Plaintiffs' Executive Committee in the Derivative Action, and appoints Brower Piven as Plaintiffs' Liaison Counsel in the Derivative Action.

## ERISA ACTIONS

6.  Pursuant to Fed. R. Civ. P. 42(a), the ERISA Actions are consolidated into the docket number 07cv10268 (LBS)(AJP)(DFE) for all purposes including, but not limited to, discovery, pretrial proceedings and trial (the "ERISA Action").

7.  Pursuant to Fed. R. Civ. P. 23(g)(2)(A) for the ERISA Action, the Court appoints the law firms of Keller Rohrback L.L.P. and Cohen, Milstein, Hausfeld & Toll, P.L.L.C as interim co-lead counsel to act on behalf of the putative class ("Interim Co-Lead Counsel").

## RESPONSIBILITIES AND DUTIES OF COUNSEL

8.      Co-Lead Counsel in the Securities Action, the Plaintiffs' Executive Committee in the Derivative Action and Interim Co-Lead Counsel in the ERISA Action, shall manage the prosecution of the respective actions to which each was appointed. Co-Lead Counsel in the Securities Action, the Plaintiffs' Executive Committee in the Derivative Action and Interim Co-Lead Counsel in the ERISA Action shall each avoid duplicative or unproductive activities and are hereby vested by the Court with responsibilities and duties that include in each of the respective actions to which they were appointed, without limitation, the following: 1) preparation of all pleadings; 2) direction and coordination of the briefing and arguing of motions in accordance with the schedules set by the orders and rules of this Court; 3) the initiation and direction of discovery; 4) the coordination of all communications with the defendants and the Court on behalf of the proposed class; 5) preparation of the case for trial; 6) trying of the actions, if required; and 7) the engagement in settlement negotiations.

9.      Co-Lead Counsel in the Securities Action, the Plaintiffs' Executive Committee in the Derivative Action and Interim Co-Lead Counsel in the ERISA Action shall coordinate efforts to avoid duplication including, but not limited, to discovery, if necessary.

10.     Defendants need only formally serve one law firm for each of Co-Lead Counsel in the Securities Action, the Plaintiffs' Executive Committee in the Derivative Action and Interim Co-Lead Counsel in the ERISA Action.

11.     Defendants shall be entitled to rely on any agreements with one law firm for each of Co-Lead Counsel in the Securities Action, the Plaintiffs' Executive Committee in the Derivative Action and Interim Co-Lead Counsel in the ERISA Action to the extent such one law firm represents to Defendants that, for any particular agreement, it has authority to speak for the other Co-Lead Counsel in the Securities Action, members of the Plaintiffs' Executive Committee

in the Derivative Action or other Interim Co-Lead Counsel in the ERISA Action, as the case may be. Before entering any agreements with either defendants, Co-Lead Counsel in the Securities Action and/or Interim Co-Lead Counsel in the ERISA Action, any member of Plaintiffs' Executive Committee in the Derivative Action shall first obtain the consent of a majority of the members of Plaintiffs' Executive Committee in the Derivative Action. Plaintiffs' Liaison Counsel in the Derivative Action is to sign all pleadings, motions, agreements and other papers filed, served and/or entered into by plaintiffs in the Derivative Action.

## MASTER DOCKET AND CAPTION

12. The docket in 07cv9633 (LBS)(AJP)(DFE) shall constitute the Master Docket for the Securities Action, Derivative Action and ERISA Action.

13. Every pleading filed in the Securities Action, Derivative Action and ERISA Action shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE MERRILL LYNCH & CO., INC. SECURITIES, DERIVATIVE AND ERISA LITIGATION | Master File No.: 07cv9633 (LBS)(AJP)(DFE) |
|---|---|
| This Document Relates To: | |

14. The file in docket 07cv9633(LBS)(AJP)(DFE) shall constitute a master file for the Securities Action, Derivative Action and ERISA Action. When the document being filed pertains to the Securities Action, Derivative Action and ERISA Action, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:".

15. When a document applies only to one or more, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", Securities

Action, 07cv9633 (LBS)(AJP)(DFE), Derivative Action, 07cv9696 (LBS) (AJP)(DFE) and/or ERISA Action, 07cv10268 (LBS)(AJP)(DFE), as applicable.

16.   Courtesy copies of all correspondence and filings shall be provided to each of Judge Sand, Magistrate Judge Peck and Magistrate Judge Eaton.

17.   A copy of this Order shall be placed in all dockets identified in pages 1-2 herein. The Clerk of this Court is directed to close each of those dockets, other than the dockets in the Securities Action, 07cv9633 (LBS)(AJP)(DFE), Derivative Action, 07cv9696 (LBS) (AJP)(DFE) and ERISA Action, 07cv10268 (LBS)(AJP)(DFE).

18.   This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of the Securities Action, 07cv9633 (LBS)(AJP)(DFE), Derivative Action, 07cv9696 (LBS) (AJP)(DFE) and/or ERISA Action, 07cv10268 (LBS)(AJP)(DFE).

19.   When a case that arises out of the same subject matter of the Securities Action, the Derivative Action or the ERISA Action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

(a)   File a copy of this Order in the separate file for such action;

(b)   Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

(c)   Make the appropriate entry in the Master Docket.

20.   Each new case that arises out of the subject matter of either the Securities Action, the Derivative Action or the ERISA Action which is filed in, or transferred to, this Court, shall be consolidated with the Securities Action, the Derivative Action or the ERISA Action, as appropriate, and this Order shall apply thereto, unless a party objects to consolidation, as provided for herein, or any provision of this Order, within ten (10) days after the date upon

which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application.

21.     The defendants do not have to answer, move, or otherwise respond to any complaints filed in any of actions consolidated hereunder or any action subsequently filed and consolidated. Nothing in the foregoing shall be construed as a waiver of the defendants' right to object to consolidation of any subsequently-filed or transferred related action.

### SCHEDULING FOR THE FILING OF SEPARATE CONSOLIDATED AMENDED COMPLAINTS AND RESPONSES IN THE SECURITIES ACTION, DERIVATIVE ACTION AND ERISA ACTION

22.     Lead Plaintiff in the Securities Action, Plaintiffs' Executive Committee in the Derivative Action and Interim Co-Lead Counsel in the ERISA Action shall each file a separate Consolidated Amended Complaint no later than April 21, 2008. The Consolidated Amended Complaint in each of the Securities Action, 07cv9633 (LBS)(AJP)(DFE), Derivative Action, 07cv9696 (LBS) (AJP)(DFE), and ERISA Action, 07cv10268 (LBS)(AJP)(DFE) shall be the only operative complaints.

23.     Defendants in each of the Securities Action, 07cv9633 (LBS)(AJP)(DFE), Derivative Action, 07cv9696 (LBS) (AJP)(DFE) and/or ERISA Action, 07cv10268 (LBS)(AJP)(DFE), shall have to and including June 20, 2008 to answer, move or otherwise respond to each of the Consolidated Amended Complaints.

24.     In the event that defendants file motions to dismiss the Consolidated Amended Complaint in one or more of the Securities Action, 07cv9633 (LBS)(AJP)(DFE), Derivative Action, 07cv9696 (LBS) (AJP)(DFE) and/or ERISA Action, 07cv10268 (LBS)(AJP)(DFE), Lead Plaintiff in the Securities Action, Plaintiffs' Executive Committee in the Derivative Action and Interim Co-Lead Counsel in the ERISA Action, as applicable, shall serve any opposition to such motions no later than July 21, 2008.

25.     Defendants shall serve any reply papers in further support of any such motions to dismiss no later than August 19, 2008.

SO ORDERED.

DATED:  New York, New York
        March 12, 2008

_____
USDJ